# Howard *v.* The State.

### *Indictment for Gaming.*

1. *Constitutional law; construction of statute.*—Section 9 of the
   act "to confer additional jurisdiction upon the county court
   of Lowndes county and to regulate the proceedings therein"
   Acts of 1898-99, p. 731), is not subject to the objection that
   it infringes a defendant's constitutional right by providing
   that the giving of an appearance bond is a condition pre-
   cedent in any case to having a trial by jury; such section
   simply providing that in the event a jury trial is demanded
   the court shall require the defendant to give bond for his
   appearance at the jury term of the county court.


APPEAL from the County Court of Lowndes.
Tried before the Hon. J. C. WOOD.
The appellant was indicted, tried and convicted for
gaming.

When his case was called for trial the defendant objected to being put to his trial, on the ground that the act "to confer additional jurisdiction upon the county court of Lowndes county and to regulate the proceedings therein," under which act the court was proceeding in the trial of his case, was unconstitutional, on the following grounds: 1. Said act fails to secure to the defendant a speedy trial by an impartial jury. 2d. Because section 9 of said act provides that the defendant shall give bail before he shall be entitled to a trial by jury. This objection was overruled, the defendant was forced to trial, and to this ruling the defendant duly excepted. At each stage of the proceeding, the defendant refused to proceed upon the same grounds, and duly excepted to the court's overruling his objections thereto.

WHITTEN & WHITTEN, for appellant, cited *Lee v. State*, 52 Ala. 331.

CHAS. G. BROWN, Attorney-General, for the State, cited *Rogers v. State*, 107 Ala. 454; *Thomas v. State*, 126 Ala. 4; *Lewis v. State*, 123 Ala. 84.

McCLELLAN, C. J.—As we read section 9 of the act of February 8, 1899, "To confer additional jurisdiction upon the county court of Lowndes county, and to regulate proceedings therein" (Acts, 1898-9, pp. 731-5), it involves no deprivation or denial of a jury trial. We construe that section to provide simply and only for the giving of bail by defendants who demand a trial by jury for their appearance at the jury terms of the county court, and in no sense to make the giving of appearance bonds a condition precedent in any case to having a trial by jury. If a defendant demands a jury but is unable to give bail for his appearance at the ensuing jury term he stands committed, but is none the less entitled to be tried by a jury in accordance with his demand when such jury term is held.

Affirmed.